CLERK'S OFFICE U.S. DIST. COURT
SEP 26 2012
BY: /s/ CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 5:06cr00054-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JUAN EVANGELISTA CASTRO | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

This is a motion by Juan Castro "for relief from a judgment or order." Castro argues that "the court may not fine a defendant and impose an alternative sentence (such as a requirement that he or she go to prison) that will take effect in the event that the fine is not paid," and he argues that his fine has been paid and he should be released. It is axiomatic in American constitutional jurisprudence that a court cannot sentence a defendant to prison because he is unable pay a fine. See, e.g., Tate v. Short, 401 U.S. 395 (1971). But that did not happen here and any argument to the contrary is frivolous. The argument that because his fine has been paid he should be released from confinement is equally frivolous. Accordingly, the court denies Castro's motion.[1]

ENTER: September 26, 2012.

UNITED STATES DISTRICT JUDGE

---

[1] A grand jury in the Western District of Virginia indicted Castro and three other co-defendants. The indictment charged Castro with conspiracy to distribute five hundred grams or more of methamphetamine, in violation of 18 U.S.C. §§ 841 and 846; possession with intent to distribute five hundred grams or more of methamphetamine, in violation of 18 U.S.C. § 841; possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c); and forfeiture of certain assets to the United States pursuant to 21 U.S.C. § 853. Castro entered a plea of not guilty, and on March 29, 2007, a jury found him guilty of the two methamphetamine counts and not guilty of the firearm and forfeiture counts. This court denied Castro's motion for a new trial, and sentenced him to a term of imprisonment of 324 months and a $9000 fine. The Fourth Circuit affirmed, United States v. Castro, 273 Fed. App'x 287, 291 (4th Cir. 2008), and the Supreme Court denied certiorari, Castro v. United States, ─ U.S. ─, 129 S. Ct. 233, 172 L.Ed.2d 178 (2008). Castro, in turn, filed a motion pursuant to 28 U.S.C. § 2255 claiming that he received ineffective assistance of counsel at trial and on appeal. The court denied the motion, United States v. Castro, 2009 WL 1406404 (W.D. Va. 2009), the Court of Appeals affirmed, United States v. Castro, 355 Fed. App'x 750 (4th Cir. 2009), and the Supreme Court denied certiorari, United States v. Castro, 131 S. Ct. 175 (2010).